# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| Eric Lewis, )<br>    Petitioner, )<br> )<br>v. )<br> )<br>Patricia Stansberry, )<br>    Respondent. ) | 1:09cv266 (LMB/JFA) |

FILED OCT 30 2009 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

Eric Lewis, a federal inmate housed in the Eastern District of Virginia and proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 with a supporting memorandum of law, challenging the decision of the United States Parole Commission ("USPC") to deny him parole. Lewis subsequently filed an amendment to his petition and an amended memorandum of law. Respondent has filed a Response to the initial and amended petitions, with numerous exhibits, and petitioner has filed a rebuttal. For the reasons that follow, Lewis' claims must be dismissed.

## I. Background

On June 21, 1982, Lewis entered a plea of guilty and was convicted of bank robbery in the District of Maryland, and received a sentence of fifteen (15) years in prison. Resp. Ex. B. A few weeks later, on July 16, 1982, Lewis also pleaded guilty to bank robbery in the Eastern District of Virginia, in case number 1:82cr109 (AVB), and was sentenced to eighteen (18) years incarceration. Resp. Ex. A. The two sentences were to run consecutively, for an aggregate prison term of thirty-three (33) years. Id. At his initial parole hearing, Lewis admitted that he had committed a total of six (6) bank robberies. Resp. Ex. C.

Lewis was granted parole from his federal sentence on March 3, 1994. Resp. Ex. D. However, on June 27, 1995, Lewis was convicted in the Superior Court of the District of Columbia of robbery and possession of a firearm during a crime of violence, and was sentenced to serve consecutive terms of two (2) to six (6) years for the robbery and five (5) to fifteen (15) years for the firearms charge. Resp. Ex. E. As a result, a federal parole violator warrant was issued, and after a dispositional "on the record" review of petitioner's case, the USPC determined on April 10, 1998 that the warrant would continue to stand lodged as a detainer against him. Resp. Ex. G.[1]

While Lewis was serving the sentence imposed by the D. C. Superior Court, the USPC conducted an initial parole hearing on January 8, 2002. Resp. Ex. H. At its conclusion, the USPC decided to deny parole and to continue Lewis to a three-year reconsideration date, because it determined that Lewis had served only 84 months of the 120 to 134 months recommended by the guidelines. Resp. Ex. I. Although the notice of action advised that the decision was not appealable,[2] id., Lewis sought review by the USPC's National Appeals Board, claiming that his time in custody had been calculated incorrectly. Resp. Ex. J. The USPC treated Lewis' appeal as a request to reopen his case and declined to reopen the case, but corrected the earlier notice of action to reflect that

---

[1] Pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, D.C. Code § 24-131(a)(2), the USPC has sole authority over all parole release decisions regarding felony offenders convicted in Superior Court of violating the D.C. Code. Therefore, the USPC has authority in this case over parole decisions stemming both from Lewis' federal sentences and his sentence imposed by the D. C. Superior Court.

[2] Although 28 C.F.R. § 2.26 grants prisoners incarcerated for violating provisions of the United States Code the right to appeal decisions of the USPC to the National Appeals Board, there is no comparable provision in the District of Columbia Code, so offenders sentenced pursuant to the D. C. Code are not entitled to appeal USPC decisions to deny parole. Morrison v. Upton, 2009 WL 2461795 at *1 (E. D. Tex. Aug. 11, 2009); Sanders v. Warden, FCI Edgefield, 2008 WL 4279486 at *1 (D.S.C. Sept. 9, 2008).

2

Lewis actually had served 82 months of his sentence. Resp. Ex. K.

On March 4, 2005, Lewis received a hearing concerning both parole on his D. C. Code sentence and dispositional review of the possible revocation of his parole on his federal sentence. The hearing examiner recommended that Lewis be continued to a presumptive parole date of February 1, 2008 with respect to the D. C. Code offense for which Lewis was incarcerated, and that the federal parole violator warrant lodged as a detainer should be executed on February 1, 2008. Resp. Ex. L. However, in reviewing the hearing examiner's recommendation, two commissioners determined that Lewis should be continued for a reconsideration hearing on both of his sentences until March, 2008, a decision which exceeded the guidelines. Resp. Ex. M. In its notice of action, the USPC advised Lewis that its decision was warranted by its finding that Lewis was a greater risk than indicated by the guidelines because his "past criminal history involves violent offenses which include six Bank Robberies as part of [his] federal offense and [he] committed an armed robbery 3 months from release [from] a Maryland State sentence for Robbery." Id. at 2. The National Appeals Board affirmed the decision, and expressly rejected Lewis' contention that there were no aggravating circumstances to justify a decision above the guidelines where he had "a history of reverting to criminal activity involving weapons and violence while under supervision." Resp Ex. P.[3]

Lewis received another parole reconsideration hearing on February 13, 2008. At that proceeding, the USPC decided to deny Lewis parole on his D. C. Code sentence, and to continue him to a three-year reconsideration hearing in February, 2011. Resp. Ex. Q. The USPC again determined that its decision was warranted by Lewis' history of committing violent offenses while under

---

[3]The National Appeals Board was authorized to entertain this appeal because the USPC's decision revoked Lewis' parole on the federal sentence in addition to denying him parole on the D. C. Code sentence.

3

supervision, making him a more serious risk than indicated by the guidelines. Resp. Ex. R. Although he was advised that the decision was not appealable, Lewis again attempted to seek review by the National Appeals Board, which apparently again treated his appeal as a motion to reopen his case. Pet. Memo. of Law, Ex. B - E.

On June 17, 2009, the USPC issued a notice of action, correcting its April 1, 2005 notice of action to reflect its intention that the balance of Lewis' federal sentence run consecutive to the D. C. Code sentence by ordering the federal parole violator warrant to stand as a detainer until Lewis is released from his D. C. Code sentence. Resp. Ex. S.

Lewis filed this petition for § 2241 habeas corpus relief on February 27, 2009,[4] raising the following claims:

1. The U. S. Parole Commission abused its discretion by double counting unfavorable factors at the February 13, 2008 parole hearing.

2. The U. S. Parole Commission and National Appeals Board abused their discretion by not following proper procedure in refusing to hear Lewis' appeal submitted in April, 2008 and thereby violated his right to due process.

In an amended petition and accompanying memorandum filed on April 17, 2009, Lewis added the following argument:

3. He is entitled to release on parole because the disposition order entered in March, 2005 continuing his case to another rehearing in three years was signed

---

[4] A habeas corpus petition submitted by an incarcerated pro se litigant is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Lewis executed his petition on February 27, 2009, Pet. at 7, and presumptively delivered it to prison authorities for mailing that same day.

by only two commissioners and thereby violated 28 C.F.R. § 2.74 (c).

## II. Standard of Review

Judicial review over parole matters is limited. Decisions to grant parole are committed "to the absolute, unreviewable discretion" of the USPC. Page v. Pearson, 261 F. Supp. 2d 528, 530 (E. D. Va. 2003); accord, Garcia v. Neagle, 660 F.2d 983 (4th Cir. 1981); United States Bd. of Parole v. Merhige, 487 F.2d 25 (4th Cir. 1973). As such, substantive parole decisions are not subject to judicial review under the Administrative Procedure Act, 5 U.S.C. § 701(a)(2). However, courts may consider claims that the USPC failed to follow constitutional, statutory, and regulatory provisions. See Garcia, 660 F.2d at 988; see also Fardella v. Garrison, 698 F.2d 208, 210 (4th Cir. 1982); Smith v. Hambrick, 637 F.2d 211, 212 (4th Cir. 1980). Because Lewis alleges here that the USPC violated constitutional and regulatory provisions, this petition may be reviewed on the merits.

Challenges to Parole Commission decisions must be brought under 28 U.S.C. § 2241 in the district court with jurisdiction over the petitioner or his custodian. Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484 (1973); Andrino v. United States Bd. of Parole, 550 F.2d 519 (9th Cir. 1977). Lewis is incarcerated at FCI Petersburg Medium, located in Petersburg, Virginia. As Petersburg lies within the Eastern District of Virginia, Lewis' application for a writ of habeas corpus is properly before this Court.

## III. Merits

Claim 1

In his first claim, Lewis asserts that the USPC abused its discretion by double counting unfavorable factors at his February 13, 2008 parole hearing. However, Lewis misapprehends that

5

term, and his claim accordingly is without merit.

In committing substantive parole decisions to the absolute discretion of the USPC, Congress instructed the USPC to establish "guidelines for exercising its powers, including the granting, denying, and modifying of parole." Bialkin v. Baer, 719 F.2d 590, 592-93 (2d Cir. 1983). The guidelines applicable to D. C. Code offenders such as Lewis are codified at 28 C.F.R. § 2.80. Under those provisions, each inmate is assigned a "salient factor score," which is used in determining his suitability for parole and risk of recidivism. Id. at § 2.80 (c). The inmate's salient factor score is combined with other factors, including current or past instances of violence, to yield a "base point score," from which the USPC may calculate the inmate's "total guideline range." Id. at § 2.80 (f), (h), (m). The total guideline range reflects the amount of time an inmate would be expected to serve until, through positive program achievement, he is found to be suitable for parole under the successive rehearings system.

However, notwithstanding an inmate's total guideline range, the USPS within its discretion may depart from the guidelines "for good cause" in "unusual circumstances." Page, 261 F. Supp. at 532. These circumstances include "case-specific factors that are not fully taken into account in the guidelines, and that are relevant to the grant or denial of parole," such as an unusually persistent history of criminally-related substance abuse, an unusually extensive prior record, or a prior record of extensive violence. Id. A decision by the USPC to depart from the guidelines to deny parole is subject to review only for instances where the USPC has "disregarded its procedures, acted beyond its legal authority, or violated the Constitution." Id.

Lewis contends in his first claim that the USPC engaged in impermissible "double counting" in denying him parole, because the case-specific factors it considered at the February 13, 2008

hearing were the same as those which were cited in denying him parole following his January 8, 2002 and March 4, 2005 hearings. Pet. at 4; Am. Pet. at 1-2. Specifically, Lewis argues that his base point score and the consideration given to the fact that his current robbery offense was committed shortly after he was paroled from his earlier federal sentence were used unlawfully to deny him parole at all three hearings. However, contrary to Lewis' understanding, such a practice does not amount to "double counting," which occurs instead when the same criteria used to establish an inmate's total guideline range are also used to justify a departure from the guidelines. See, e.g., Harris v. Martin, 792 F.2d 52, 54 (3d Cir. 1986); Trice v. Reilly, 2006 WL 5644844 at *8 (E. D. Va. 2006) (unpublished), aff'd, 234 Fed. App'x 116 (4th Cir. 2007). On the other hand, it is well established that the USPC may consider conduct that was part of an inmate's offense of conviction but unnecessary in assessing his guidelines range as a basis for departing from the guidelines. See Lyons v. U. S. Parole Comm., 2009 WL 211583 at *5 (E. D. Va. Jan. 28, 2009) (unpublished) (USPC did not "double count" by departing upward from the guidelines and denying parole based on petitioner's premeditation in firing a shot in the victim's direction before killing the victim without provocation where those factors were not taken into account by the guidelines); Bialkin, 719 F.2d at 594. In this case, pursuant to these authorities, the USPC did not "double count" when it considered Lewis' history of committing violent crimes while on parole in departing from the guidelines at Lewis' 2002, 2005 and 2008 rehearings. See Page, 261 F. Supp. at 532 (USPC appropriately departed from the guidelines in multiple rehearings where its decision was based on inmate's persistent history of violent crimes).

Lewis also appears to believe that the USPC's consideration of the same factor at multiple rehearings is impermissible, but again he is mistaken. In fact, the USPC may consider any available

relevant information in determining whether to release an offender on parole. See 28 C.F.R. § 2.19; Hanna v. Bureau of Prisons, 2005 WL 1162519 at *2 (E. D. Va. Apr. 12, 2005) (unpublished) ("It is not considered double counting for the same factor to be considered at two separate parole hearings.") An inmate's risk to the community is a relevant factor to be considered at each parole rehearing, and necessarily includes consideration of his underlying offense. Id. Here, then, the USPC was not barred from determining at each rehearing that Lewis' behavior made him a more serious risk to the community that the guidelines would indicate, and Lewis' first claim as a whole is without merit.

Claim 2

Lewis contends in his second claim that the USPC and the National Appeals Board violated his right to due process and its own administrative procedures by refusing to hear his appeal from its February 29, 2008 notice of action denying him parole. However, this position also warrants no relief. To the extent that Lewis claims to have suffered a violation of his substantive due process right, his claim is patently meritless, as no such right exists. Halbert v. Michigan, 545 U.S. 605, 610 (2005); Ortwein v. Schwab, 410 U.S. 656, 660 (1973) ("This Court has long recognized that, even in criminal cases, due process does not require a State to provide an appellate system."). To the extent that Lewis alleges a violation of his right to procedural due process, his claim also fails, because the USPC's failure to entertain his appeal contravened no applicable statue or regulation. As noted above, inmates serving sentences under the D. C. Code have no statutory or regulatory right of appeal to the National Appeals Board. See n. 2, supra. The regulatory provision to which Lewis points as allegedly entitling him to an appeal, 28 C.F.R. §2.26, see Pet. at 5, in fact applies to United States Code offenders but not to D. C. Code offenders. Sanders, 2008 WL 4279486 at *1. Since

Lewis presently is serving his D. C. Code sentence, his argument in this regard must be rejected.

Lewis also appears to contend that the USPC violated the Administrative Procedure Act ("APA") in refusing to entertain his appeal, Pet. at 5, but his argument is misplaced. A decision by the USPC to grant or to deny parole is not subject to judicial review under the APA. Instead, the USPC's authority in such instances is "committed to agency discretion," 18 U.S.C. § 4218 (d), and in such cases judicial review is not authorized. 5 U.S.C. § 701 (a)(2). Therefore, the USPC's decision to deny Lewis parole is entirely outside the scope of judicial review under the APA. Turner v. Henman, 829 F.2 612, 614 (7th Cir. 1987) (failure by the USPC to follow administrative rules and regulations does not entitle prisoner to §2241 relief unless such failure also violates a constitutional provision); Page, 261 F.Supp. 2d at 530 ("Parole decisions are therefore not subject to arbitrary and capricious or abuse of discretion review under the provisions of the"APA). For these reasons, Lewis' second claim as a whole warrants no relief, and must be dismissed.

Claim 3

In his third claim, expressed in his amended petition, Lewis asserts that the USPC was obliged to release him on parole in 2008 because the March, 2005 order continuing his case to another rehearing in three years was signed by only two commissioners. Lewis argues that this constituted a violation of 28 C.F.R. § 2.74(c), which requires the vote of three commissioners if a parole decision differs by more than six months from the recommendation of the hearing examiner panel. Am. Pet. at 2; Am. Mem. in Supp. of Pet. at 2 - 3. This contention fails for two reasons. First, the order to which Lewis refers was affirmed on appeal by a third commissioner on June 22, 2005, so the decision to continue Lewis for reconsideration and rehearing ultimately was ratified by three commissioners. Resp. Ex. O, P. Second, even if only two commissioners initially signed the March,

2005 order, any error was corrected on June 17, 2009, when the USPC issued a new order clarifying its initial intent with respect to the March, 2005 order. Resp. Ex. S. Specifically, the notice of action issued April 1, 2005 did not accurately reflect the intent of the March, 2005 order, in that it purported to execute the parole violator warrant the same day. Resp. Ex. N. In the new order, which was signed by three commissioners, the USPC clarified that, consistent with its policy, the April 2005 order should have read, "Let the detainer stand. Execute the U. S. Parole Commission warrant currently lodged as a detainer upon release from your D. C. Code sentence," Resp. Ex. S, and the notice of action was corrected accordingly. Resp. Ex. T. The decision to continue Lewis to a 2008 rehearing was not altered. Id. This series of events, which essentially amounted to the correction of a clerical error, did not violate Lewis' right to due process or give rise to any right of action on his part. Miller v. Fed. Bureau of Prisons, 989 F.2d 420, 423 (10th Cir. 1993) (where petitioner could not show prejudice from correction of notice of action, no due process violation occurred). Only where a petitioner can show affirmative misconduct by the USPC and his own detrimental reliance on such misconduct may he seek to estop the USPC from correcting its mistakes. McQuerry v. U. S. Parole Comm'n, 961 F.2d 842, 846 (9th Cir. 1992). As Lewis has satisfied neither of those components here, no violation of his right to due process occurred when the USPC corrected the 2005 order, and his third claim entitles him to no relief.

### IV. Conclusion

For the foregoing reasons, this petition will be dismissed. An appropriate Order shall issue. Entered this 30th day of October 2009.

Alexandria, Virginia

/s/ 
Leonie M. Brinkema
United States District Judge

10